IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

```
MICROSTRATEGY, INC.,          )
                              )
        Plaintiff,            )
v.                            )    CIVIL ACTION NO. 05-334
                              )
NETSOLVE, INC.,               )
                              )
        Defendant.            )
```

**MEMORANDUM ORDER**

THIS MATTER is before the Court on Defendant Netsolve, Inc.'s Motion to Dismiss Count II and Count III of Plaintiff's Amended Complaint.  This case concerns Defendant Netsolve Inc.'s allegedly unauthorized use of Plaintiff Microstrategy, Inc.'s software, in excess of restrictions imposed by a Clickwrap License Agreement.  Plaintiff Microstrategy, Inc. is asserting copyright infringement, unjust enrichment and conversion claims against Defendant Netsolve, Inc. as a result of this allegedly inappropriate use of its software.  The issue before the Court is whether it should dismiss Plaintiff Microstrategy Inc.'s claims for conversion and unjust enrichment pursuant to Federal Rule of Civil Procedure 12(b)(6) because these claims are preempted by the Copyright Act, 17 U.S.C. § 301(a) (2005).  The Court grants Defendant Netsolve's motion to dismiss the unjust enrichment and conversion claims because they are preempted by the Copyright Act since they contain no "extra element" rendering them "qualitatively different" from a copyright claim.  *See Trandes*

*Corp. v. Guy F. Atkinson Co.*, 996 F.2d 655, 659 (4th Cir. 1993).

## I.  BACKGROUND

Plaintiff Microstrategy, Inc. ("Plaintiff," "Microstrategy") is a Delaware corporation with its principal place of business in McLean, Virginia.  It provides software to businesses to allow them to query and analyze large quantities of data stored in relational database systems and allows access to this analysis to its customers through the web, and via wireless and voice technology.  Microstrategy has copyrights registered with the United States Copyright Office under several registration numbers for its software.

In February 2003, Microstrategy entered into a business arrangement with Defendant Netsolve, Inc. ("Defendant," "Netsolve"), a Delaware corporation with its principal place of business in Austin, Texas.  The parties memorialized the agreement primarily in the Microstrategy Clickwrap Software License ("license").  In essence, Netsolve purchased licenses to Microstrategy's copyrighted software containing "restricted use" or "limited use" provisions.  Microstrategy alleges that these provisions limited the number of Named Users that could utilize the software and the number of times the software could be used per CPU or Central Processing Unit.

In line with license provisions, Microstrategy conducted an audit at Netsolve to determine whether it was complying with the

2

license restrictions. Microstrategy was convinced that Netsolve was not complying with the licensing agreement, and instead, it was using the software outside the limits prescribed by the per CPU and Named User provisions of the license. Microsoft alleges that it sought remedies for the breach and Netsolve did not comply.

In April 2005, Microstrategy brought suit in this Court, alleging copyright infringement, unjust enrichment and conversion. Netsolve filed a motion to dismiss the unjust enrichment and conversion claims, arguing that they are preempted by the Copyright Act. 17 U.S.C. § 301(a).

## II. DISCUSSION

### A. Standard of Review

A Federal Rule of Civil Procedure 12(b)(6) motion should not be granted unless it appears beyond a doubt that a plaintiff can prove no set of facts in support of the plaintiff's claim that would entitle the plaintiff to relief. FED. R. CIV. P. 12(b)(6); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Conclusory allegations regarding the legal effect of the facts alleged need not be accepted. *See Labram v. Havel*, 43 F.3d 918,

921 (4th Cir. 1995).  Because the central purpose of the complaint is to provide the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests," the plaintiff's legal allegations must be supported by some factual basis sufficient to allow the defendants to prepare a fair response.  *Conley*, 355 U.S. at 47.

**B. Analysis**

The Court grants Defendant's motion to dismiss both the conversion and unjust enrichment claims because the plaintiff has failed to allege an extra element that changes the nature of these state claims such that they are qualitatively different from a copyright infringement claim.  To determine whether a state law claim is preempted by federal copyright law, courts engage in a two-step analysis pursuant to 17 U.S.C. § 301(a).  A state law claim is preempted if (1) the work is "'within the scope of the subject-matter of copyright' as specified in 17 U.S.C. §§ 102, 103," and (2) "'the rights granted under state law'" are "'equivalent to any exclusive rights within the scope of federal copyright as set out in 17 U.S.C. § 106.'" *United States ex rel. Berge v. Board of Trustees of the University of Alabama*, 104 F.3d 1453, 1463 (4th Cir. 1996) (citing *Rosciszewski v. Arete Assocs. Inc.*, 1 F.3d 225, 229 (4th Cir. 1993)).  A right granted under state law is *not* equivalent to exclusive rights within the scope of federal copyright law when there is an

4

"'extra element' that changes the nature of the state law action so that it is *qualitatively* different from a copyright infringement claim." *Id.* (citing *Rosciszewski*, 1 F.3d at 229-30).

### Step 1 of the Preemption Test

The first requirement of the preemption test is met for both the conversion and unjust enrichment claims because Netsolve's allegedly wrongful use of Microstrategy's computer software is a premise of both claims, and computer software is within the subject matter of copyright. *See Madison River Mgmt. Co. v. Business Mgmt. Software Corp.*, 351 F.Supp.2d 436, 442 (M.D.N.C. 2005) (concluding that computer software fell within the subject matter of copyright and holding conversion claim preempted under Copyright Act where plaintiff alleged defendant's use of software exceeded scope of restricted use license); *see also Trandes Corp.*, 996 F.2d at 659 (stating that rights in a computer program "clearly come[] within the 'subject matter of copyright' 17 U.S.C. § 102(a)").

### Step 2 of the Preemption Test

The conversion and unjust enrichment claims are preempted because they meet the second requirement of the preemption test: they are not "qualitatively different" from a copyright claim.

5

*See ex rel. Berge*, 104 F.3d at 1463 (citing *Rosciszewski*, 1 F.3d at 229-30). To determine whether a claim is equivalent to a copyright claim, the Court must compare the elements of a claim for copyright infringement with the purportedly preempted cause of action. *See Trandes Corp.*, 996 F.2d at 659. The Court will not find preemption when a state law cause of action contains an "extra element" or when it "incorporate[s] elements beyond those necessary to prove copyright infringement, and... regulate[s] conduct qualitatively different from the conduct governed by federal copyright law." *Id.* at 659 (citing *Harper & Row Publishers, Inc. v. Nation Enterprises*, 723 F.2d 195, 200-1 (2d Cir. 1983), *rev'd on other grounds*, 471 U.S. 539 (1985), and 1 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 1.01[B][1] at 1-14 (1992)). To make out a claim for copyright infringement, a plaintiff must show (1) ownership of a valid copyright and (2) that the defendant copied original elements of the copyrighted work or encroached upon an exclusive right conferred by the copyright. *See Trandes Corp.*, 996 F.2d at 660; *see also Madison River Mgmt.*, 351 F.Supp.2d at 443 (citing *Avtec Sys., Inc. v. Peiffer*, 21 F.3d 568, 571 (4th Cir. 1994)). "The exclusive rights conferred by a copyright are to reproduce the copyrighted work, prepare derivative works, distribute copies of the work, and perform or display the work publicly." *Madison River Mgmt.*, 351 F.Supp.2d at 443 (citing 17 U.S.C. § 106).

The conversion claim is preempted because it contains no

6

extra element rendering it qualitatively different from the copyright claim.  Under Virginia law,[1] the tort of conversion constitutes "any wrongful exercise or assumption of authority ... over another's goods, depriving him of their possession; [and any] act of dominion wrongfully exerted over property in denial of the owner's right, or inconsistent with it."  *United Leasing Corp. v. Thrift Ins. Co.*, 440 S.E.2d 902, 905 (Va. 1994) (citing *Universal C.I.T. Credit Corp. v. Kaplan*, 92 S.E.2d 359 (Va. 1956)).  Plaintiff alleges that it owns and has right to possession of software in the defendant's possession and that the defendant converted the software to its own use.  Amended Compl. ¶¶ 24-25.  Plaintiff is alleging mere unauthorized reproduction of the software, placing the conversion claim squarely within the province of the Copyright Act.  *See Trandes Corp.*, 996 F.2d at 659 (assuming that "mere reproduction" is insufficient to avoid preemption by the Copyright Act).  Furthermore, Plaintiff does not assert that Defendant has retained a physical object and refused to return it.  *Cf. ex rel. Berge*, 104 F.3d at 1463 (citations omitted) ("It is hornbook law that a 'state law action for conversion will not be preempted if the plaintiff can prove the extra element that the defendant unlawfully retained the

---

[1] The selection-of-law clause in the Clickwrap License states that the laws of the Commonwealth of Virginia "may" govern this action. License ¶ 9.2.  Neither party disputed that Virginia law applied to this action at oral argument, and both assumed it applied in their briefs to the Court.

physical object embodying plaintiff's work'"). Since Plaintiff alleges only the retention of *intangible* property, that is, software, the conversion claim is preempted by the Copyright Act. *See* 1 NIMMER & NIMMER, *supra* § 1.01[B][1] at 1-41 - 1-43 (2002) ("It is generally held that an action for conversion will lie only for wrongful possession of the tangible embodiment of a work (for instance, its manuscript), where as a copyright action must be brought for wrongful use of the intangible artistic property (for instance a poem or other literary work) contained therein."); *see also Madison River Mgmt.*, 351 F.Supp.2d at 444-445 (holding Copyright Act preempted conversion claim because no claim of converting any physical objects was alleged, rather the claim pertained only to connecting to, copying, converting and distributing software). The Court grants Defendant's motion to dismiss the conversion claim because Plaintiff alleges no physical object was unlawfully retained by Defendant and because it alleges no extra element rendering the conversion claim qualitatively different from a copyright claim.

The Court grants Defendant's motion to dismiss the unjust enrichment claim since it is preempted by the Copyright Act because, like the conversion claim, it is equivalent to the copyright infringement claim. Under Virginia law, the elements of unjust enrichment are (1) the plaintiff's conferring of a benefit on the defendant, (2) the defendant's knowledge of the

conferring of the benefit, and (3) the defendant's acceptance or retention of the benefit under circumstances that "render it inequitable for the defendant to retain the benefit without paying for its value."  *Nossen v. Hoy*, 750 F.Supp. 740, 744-45 (E.D.Va. 1990) (citations omitted).  In this case, Microstrategy alleges that Netsolve "has been unjustly enriched by its unauthorized and unlawful use" of the software without paying for it, and MicroStrategy is entitled to recover the value of Netsolve's "unauthorized and unlawful use and/or possession of any and all copies" of the software provided to Netsolve. Amended Compl. ¶¶ 21-22.  The United States District Court for the District of Maryland held that an unjust enrichment claim was preempted by the Copyright Act in a case where a real estate listing service sued the operator of a website hosting online real estate listings for brokers.  *CoStar Group, Inc. v. Loopnet, Inc.*, 164 F.Supp.2d 688 (D.Md. 2001), *aff'd*, 373 F.3d 544 (4th Cir. 2004).  The court explained that since the gist of the plaintiff's complaint was that the defendant violated its "exclusive right to reproduce, distribute, and display its copyrighted materials," the unjust enrichment and copyright infringement claims were equivalent.  *Id.* at 712.  Nevertheless, an unjust enrichment claim may survive a preemption challenge if plaintiffs demonstrate that defendants were unjustly enriched by "material beyond copyright protection."  *American Movie Classics Co. v. Turner Entertainment Co.*, 922 F.Supp. 926, 934 (2d Cir.

9

1996) (citations omitted).  In this case, however, Microstrategy solely alleges that it was harmed by the unauthorized use of its software; it points to no additional source or extra element causing the unjust enrichment.  Consequently, the Court grants Defendant's motion to dismiss the unjust enrichment claim because it is equivalent to the copyright claim and contains no additional element rendering it qualitatively different from a copyright claim.

### III. CONCLUSION

The Court grants Defendant's motion to dismiss Counts II and III of the Amended Complaint because both claims are equivalent to copyright infringement claims and they are preempted by the Copyright Act.  For the foregoing reasons, it is hereby

ORDERED that Defendant Netsolve's Motion to Dismiss Count II and Count III of Plaintiff's Amended Complaint is GRANTED.

The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this __13th__ day of May, 2005.

                                            _____/s/_____
                                            Gerald Bruce Lee
                                            United States District Judge

Alexandria, Virginia
5/13/05